1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  CHARLES V. REED,                          )
                                            )
9                          Plaintiff,       )    Case No. C10-1805-MJP-BAT
                                            )
10              v.                           )    **REPORT AND**
                                            )    **RECOMMENDATION**
11  JOSEPH H. COLEMAN, et. al.,              )
                                            )
12                         Defendants.       )
    _____ )

13          Charles Reed is a state prisoner serving a 388 month prison sentence following his 1996

14  convictions for rape of a child.  Dkt. 1, Attch. 1 at 12.[1]  He is proceeding pro se and has

15  submitted for filing a complaint claiming relief under 42 U.S.C. § 1983 and indicating he

16  "intends to seek consolidation of habeas under this civil action."  *Id.* at 1.  By separate order, the

17  Court grants Mr. Reed's application to proceed in forma pauperis.

18          Mr. Reed names as a defendant, James Grubb, an attorney who represented him in the

19  direct appeal of his child rape convictions, filed in 1996.  He also names the following

20  defendants: Clerk of the Washington Court of Appeals, Division I, Richard Johnson; Washington

21  Court of Appeals Judges, Joseph Coleman, Faye Kennedy, Ronald Cox, and William Baker;

22  Washington Supreme Court Commissioner Geoffrey Crooks; and former Chief Justice of the

23  _____

[1] The Court refers to the pagination of the official, scanned version of Mr. Reed's proposed

REPORT AND RECOMMENDATION - 1

1   Washington Supreme Court Gerry Alexander. *Id.* at 6.

2       As relief, Mr. Reed seeks:  (1) money damages against Mr. Grubb; (2) declaratory

3   judgement that all defendants violated his constitutional rights; (3) an injunction ordering

4   "tolling from the date of plaintiff's original state direct appeal, to date, added time to allow for

5   Habeas preparation;" and (4) injunctive relief "by way of Habeas Corpus 42 U.S.C. § 2254

6   brought under 28 U.S.C. § 1983." *Id*. at 183-98.  Mr. Reed states he does not seek damages

7   against defendants who are judicial officers, and does not challenge his conviction.

8       After reviewing Mr. Reed's complaint and the record, the Court recommends the

9   complaint be **DISMISSED** with prejudice.

10                               **DISCUSSION**

11   *I* .    ***Summary Dismissal Standards***

12       The Court may dismiss a complaint if it is frivolous or fails to state a claim upon which

13   relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614,

14   616 (9th Cir. 1990).  An action is frivolous if "it lacks an arguable basis either in law or in fact."

15   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   As discussed below, the complaint in this case

16   suffers from numerous defects—it names defendants immune from suit and presents claims that

17   are time barred and meritless.  Given the nature of these defects, attempts to cure them would be

18   futile.  Because this action fails to state a claim upon which relief can be granted, it is subject to

19   summary dismissal under 28 U.S.C. § 1915(e)(2)(B).

20   **II.**    ***The Court Should Dismiss Some Claims As Time Barred***

21        ***A.  Mr. Grubb***

22       Mr. Reed was represented in his direct appeal by Mr. Grubb.  *See State v. Reed*, No.

23   39522-0-I, 2000 WL 291028 (Wash. Ct. App., March 13, 2000); Dkt. 1, Attch. 1 at 36.  Mr.

REPORT AND RECOMMENDATION - 2

1   Reed alleges Mr. Grubb's representation was inadequate in numerous ways.[2]   Mr. Reed knew

2   about these alleged inadequacies in 2001 because he filed a grievance with the Washington State

3   Bar Association that year against Mr. Grubb.  *Id.* at 38.  Thereafter, Mr. Grubbed ceased

4   representing Mr. Reed and Mr. Reed began to file his own pro se pleadings seeking relief for the

5   rape convictions.

6          Due to the passage of time, Mr. Reed's claims against Mr. Grubb are now expired.

7   Section 1983 actions filed in this district apply the three year statute of limitations under RCW §

8   4.16.080.  *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).  A § 1983

9   action accrues and the statute of limitations begins to run when a plaintiff knows or has reason to

10  know of the injury that forms the basis of his or her action.  *Bagley v. CMC Real Estate Corp*.,

11  923 F.2d 758, 760 (9th Cir. 1991).

12         Mr. Reed filed his proposed complaint on November 5, 2010.  However, his claims

13  against Mr. Grubb are based on the legal representation Mr. Grubb provided him many years

14  ago.  Upon review of the proposed complaint, it is clear Mr. Reed's claims against Mr. Grubb

15  accrued in 2001.  Mr. Reed clearly knew, by then, of his lawyer's alleged deficiencies because in

16  January of 2001 he filed a grievance with the Washington State Bar Association, alleging Mr.

17  Grubb's performance was deficient.  Dkt. 1, Attch. 1 at 38.  The accrual of Mr. Reed's claims

18  against Mr. Grubb is also established by the fact that in March 2001, Mr. Reed filed in the

19  Washington Court of Appeals a "Motion to Recall Mandate" regarding Mr. Grubb's deficiencies.

20  *Id.* at 39-40.

21         Although Mr. Reed knew about Mr. Grubb's deficiencies in 2001, he waited until

22  November, 2010 to submit a § 1983 claim against him.  Mr. Reed had three years to timely bring

23

[2] *Id.* at 9-13.

REPORT AND RECOMMENDATION - 3

1   this claim, and now the statute of limitations is long expired.  The Court thus concludes the

2   claims against Mr. Grubb are time barred and should be dismissed.

3          Even if Mr. Reed's claim against Mr. Grubb were not time barred, the claim is

4   fundamentally flawed and warrants dismissal.  The complaint avers Mr. Reed's father hired Mr.

5   Grubb to represent Mr. Reed in the direct appeal.  *Id.* at 36.  Section 1983 actions may only be

6   brought against persons acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418,

7   1420 (9th Cir. 1991).  Generally, private parties such as Mr. Grubb, who was retained counsel,

8   are not acting under color of state law.  *See Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d

9   1156, 1161 (9th Cir. 2003) (holding that plaintiff cannot sue opposing counsel under § 1983

10  "because he is a lawyer in private practice who was not acting under color of state law[.]").

11         A private party who conspires with state officials, however, may be considered to be

12  acting under color of state law.  *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000).

13  Here, Mr. Reed alleges Mr. Grub conspired with "others."  Dkt. 1, Attch. 1 at 12.   While the

14  complaint details at length Mr. Grubb's alleged failures to adequately represent Mr. Reed in the

15  direct appeal proceedings, it provides no facts indicating who the "others" in the conspiracy

16  were, or any facts establishing how Mr. Grubb conspired against Mr. Reed.  Mr. Grubb was

17  privately retained and not acting under color of state law.  Further, Mr. Reed provides no

18  evidence Mr. Grubb conspired with a state actor.   The Court thus concludes Mr. Reed's claims

19  against Mr. Grubb should be dismissed for failure to state a claim on which relief may be

20  granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

21         **B.  Claims against Judges Baker, Coleman, and Kennedy and Clerk of Court Johnson**

22         In 2000, the Washington Court of Appeals, Division I, issued a per curium opinion

23  affirming Mr. Reed's conviction and sentence.  Mr. Reed alleges that Washington Court of

REPORT AND RECOMMENDATION - 4

1    Appeals Judges Baker, Coleman and Kennedy violated his rights by writing the 2000 opinion

2    denying him relief, failing to give him notice of the opinion, failing to give him fair hearing, and

3    failing to grant his motion to recall the mandate in 2002.

4           In regard to the 2000 per curium opinion, Mr. Reed alleges Clerk of the Washington

5    Court of Appeals Johnson violated his rights by failing to give Mr. Reed notice of his right to

6    file, with Mr. Grubb's opening brief, a pro se supplemental brief.  *See* Dkt. 1, Attch. 1 at 35-61.

7    All of the allegations regarding each named defendant occurred before 2002.  As discussed

8    above, there is a three year statute of limitations for § 1983 actions filed in this federal district.

9    Accordingly, Mr. Reed's claims against Judges Baker, Coleman, and Kennedy and Clerk of

10   Court Johnson are all barred by the statute of limitations and should be dismissed as untimely.

11          *C.  Claims Related to Personal Restraint Petitions One Through Nine*

12          Between 2001 and 2007, Mr. Reed filed eight Personal Restraint Petitions ("PRP") in the

13   Washington State Court of Appeals.  The defendants named in connection with these PRPs are

14   Washington Court of Appeals Judge Ronald Cox, Washington Supreme Court Commissioner

15   Geoffrey Crooks, and former Chief Justice of the Washington Supreme Court Gerry Alexander.

16   Dkt. 1, Attch. 1 at 61-77.  The eighth PRP became final on July 11, 2007 when then Chief Justice

17   Alexander denied Mr. Reed's Motion to Modify Ruling.  *Id.* at 77.  Again, as discussed above,

18   there is a three year statute of limitations for § 1983 actions filed in this federal district.  Hence,

19   all of the claims against Judge Ronald Cox, Washington Supreme Court Commissioner Geoffrey

20   Crooks, and former Chief Justice of the Washington Supreme Court Gerry Alexander regarding

21   PRPs one through eight are beyond the three year statute of limitations.  These claims are time

22   barred and should be dismissed.

23

REPORT AND RECOMMENDATION - 5

1    Mr. Reed also filed a ninth PRP which was resolved after Chief Justice Alexander

2    granted a motion to withdraw the PRP.  *Id.*  The Court finds this does not state a claim for relief

3    under § 1983.  Mr. Reed may have included the disposition of the ninth PRP simply for

4    informational purposes; to the extent he intended to assert a § 1983 claim regarding this PRP, the

5    Court concludes it should be dismissed for failure to state a claim for relief.  28 U.S.C. §

6    1915(e)(2)(B)(ii).

7    ***III.    Claims Related to PRP Ten***

8    In 2009, Mr. Reed filed a tenth PRP.  Dkt. 1, Attch. 1 at 78.  Mr. Reed avers that the tenth

9    PRP was denied and dismissed as an untimely, meritless and successive PRP by Commissioner

10   "Steven Geoffery," though Mr. Reed probably means Commissioner Steven Goff.  *Id.* at 92.  The

11   sole named defendant regarding this PRP is Chief Justice Alexander.   Chief Justice Alexander's

12   only involvement regarding the tenth PRP appears to be the fact that he was one of five

13   Washington Supreme Court Justices who signed the September 30, 2009 order denying Mr.

14   Reed's Motion to Modify Ruling of the Commissioner.  *Id.*

15   The claim against Chief Judge Alexander is meritless.  As a judicial officer, Chief Justice

16   Alexander is immune from liability for damages under § 1983 for acts taken within his judicial

17   jurisdiction.  *Pierson v. Ray*, 386 U.S. 547, 554-555 (1967).  There is no question that Chief

18   Justice Alexander was performing a judicial act within his jurisdiction when he signed the order

19   denying Mr. Reed's motion to modify the Supreme Court Commissioner's ruling.

20   Mr. Reed apparently believes that judicial officers have no immunity in a § 1983 action

21   seeking injunctive relief.  *See* Dkt. 1, Attch. 1 at 182.  He is mistaken.  In 1996, the statute was

22   amended to provide that "injunctive relief shall not be granted" in an action brought against "a

23   judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a

declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The

cases Mr. Reed relies on in seeking injunctive relief predate the 1996 amendment to § 1983 and

are no longer good authority on the availability of injunctive relief against judicial officers.

In this case, there are no facts establishing injunctive relief against Chief Justice

Alexander is an available remedy. Mr. Reed provides nothing to show a declaratory decree

exists or was violated by Chief Justice Alexander in connection to the tenth PRP, or that such

relief was unavailable at the time. The Court thus concludes Chief Justice Alexander is immune

from the § 1983 claims Mr. Reed has lodged against him and those claims should be dismissed.

*IV.*    ***Declaratory Relief***

Mr. Reed also requests the Court "issue a declaratory judgment stating" that all

defendants violated his Federal Constitutional rights. Dkt. 1, Attch. 1 at 183-94. A federal

district court's exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, is

discretionary, even when the suit otherwise satisfies the prerequisites to establish subject matter

jurisdiction. *See Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en

banc). The same factors that lead a court to abstain from granting injunctive relief, should

usually lead it to refrain from issuing a declaratory judgment as well. *See Samuels v. Mackell*,

401 U.S. 66, 72 (1971). "In both situations deeply rooted and long-settled principles of equity

have narrowly restricted the scope for federal intervention, and ordinarily a declaratory judgment

will result in precisely the same interference with and disruption of state proceedings that the

longstanding policy limiting injunctions was designed to avoid." *Id.*

Here, the declaratory relief sought is tantamount to a request the Court find Mr. Reed has

proven his § 1983 claims that each of the defendants has violated his Constitutional rights. Such

a request equates to a grant of summary judgment for Mr. Reed, and not a request for declaratory

judgment.  However, because the Court concludes the claims brought in this action are time

barred and made against defendants who are not state actors or who are immune from suit,

neither summary judgment nor declaratory judgment are appropriate.

**V.      Leave to Amend**

        Where a pro se litigant's complaint fails to state a claim upon which relief can be granted,

the Court generally grants him the opportunity to amend the complaint to cure the deficiencies of

the complaint.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  However,

the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the

defect."  *Id*.  Here, the defects contained in Mr. Reed's present complaint cannot be cured by

amendment.  Other than the claim related to the tenth PRP, all of the claims are time barred and

beyond repair.  As to the tenth PRP, Justice Alexander is immune from suit regarding his role in

that matter.  Mr. Reed thus would have to abandon the claims presently asserted and present an

entirely new cause of action in order to proceed.  Accordingly, the Court concludes it is not

required to grant Mr. Reed leave to amend.  However, Mr. Reed may submit an amended

complaint with any objections to this Report and Recommendation, should he believe he can

cure the defects identified above.

## CONCLUSION

        For the foregoing reasons, the Court recommends that this matter be **DISMISSED** with

prejudice.  The Clerk is directed to send a copy of this Report and Recommendation to Mr. Reed.

        DATED this 11th day of January, 2011.


                                        _____
                                        BRIAN A. TSUCHIDA
                                        United States Magistrate Judge

REPORT AND RECOMMENDATION - 8