1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES V REED,<br><br>                Plaintiff,<br><br>        v.<br><br>JOSEPH H COLEMAN,<br><br>                Defendant. | CASE NO. 2:10-CV-01805-MJP<br><br>ORDER ON REPORT AND RECOMMENDATION |

The Court, having received and reviewed

1. Report and Recommendation (Dkt. No. 9)

2. Plaintiff's Objection to the 01.11.11 Report and Recommendation to Dismiss (Dkt. No. 10)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the Report and Recommendation is ADOPTED and the complaint in this § 1983 action is DISMISSED with prejudice for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Discussion**

The procedural history of this case is fully described in the Report and Recommendation (R&R) and the Court will not reiterate it here. Similarly, the Magistrate Judge's analysis of the procedural (statute of limitations) and substantive (failure to state a claim upon which relief may be granted) deficiencies in Plaintiff's complaint will not be repeated, except to note that the Court can find no fault with the Magistrate Judge's conclusion that Plaintiff's claims (which accrued in large part in 2002) are time-barred. Even were this not so, the causes of action as plead by Plaintiff are both legally insufficient as to his former appellate counsel (who was not acting under color of state law) and subject to a complete immunity defense as to the numerous judicial officials he has named as defendants.

The Court will, however, analyze those of Plaintiff's objections which are addressed to the substance of the R&R.

The statute of limitations operates as a complete bar to all of Plaintiff's claims but two (the 9th and 10th Personal Restraint Petitions [PRPs]).[1] Plaintiff had been aware of the alleged deficiencies in the performance of his appellate counsel, Defendant James Grubb, since 2002, yet did not file his complaint until November 2010. The decisions on his first eight PRPs became final on or before July 11, 2007. All his causes of action concerning these claims fall outside the three-year statute of limitations applied in this district for § 1983 claims. RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002).

---

[1] The 9th PRP was withdrawn. The sole defendant named in connection with the 10th PRP is Chief Justice Alexander who, as a judicial officer, is immune from liability for damages under § 1983 for acts undertaken in his judicial capacity. Pierson v. Ray, 386 U.S. 547, 554-555 (1967).

1        Plaintiff argues that the three-year statute of limitations is subject to tolling in his case,

2 citing <u>Young v. Harvey</u>, 952 F.2d 408 (9th Cir. 1992) as authority for this defense.  The Ninth

3 Circuit in <u>Young</u> found that the Washington state statute applicable to the filing of § 1983 claims

4 (RCW 4.16.080)

> tolls the limitation period when one is 'imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than his natural life.' Wash.Rev.Code § 4.16.190. This tolling statute, however, benefits only those prisoners who have been continuously imprisoned during the time their causes of action would accrue. *See* <u>Bianchi v. Bellingham Police Dept.</u>, 909 F.2d 1316, 1318 (9th Cir.1990).

<u>Young,</u> 1992 WL 4229, 1 (9th Cir. 1992).  Plaintiff claims that this precedent should control his case and defeat the limitations bar.  What Plaintiff failed to note, however, is that RCW 4.16.090 was amended in 1993, substituting the phrase "imprisoned on a criminal charge *prior to sentencing*" for the operative language in the <u>Young</u> opinion. (emphasis supplied.)  Since all of Plaintiff's claims stem from *post*-sentencing allegations, he may not avail himself of the tolling language of this statute.

        Plaintiff's only other substantive argument addressed to the Magistrate Judge's analysis of his claim concerns Defendant Grubb's status as a § 1983 defendant.  There is no dispute that Grubb was hired as private counsel to represent Plaintiff on appeal, and that § 1983 claims may only be prosecuted against those acting under color of state law.  <u>Crumpton v. Gates</u>, 947 F.2d 1418, 1420 (9th Cir. 1991).  It is true, as Plaintiff points out, that a private party who conspires with state officials may be deemed to have acted under color of state law.  <u>DeGrassi v. City of Glendora</u>, 207 F.3d 636, 647 (9th Cir. 2000).  This avails Plaintiff nothing.  Outside of vague allegations that Grubb conspired with "others" and conspired with "judicial officers," Plaintiff's 198-page complaint is devoid of a single factual allegation documenting any conspiratorial acts and is totally insufficient to sustain a § 1983 claim against his former counsel.

1   Plaintiff makes a final bid for validity under § 1983 with his claim that, as a member of
2   the Washington State Bar Association (a state agency created under RCW 2.48.010), Defendant
3   Grubb practices under color of state law. But membership in a regulatory, disciplinary
4   professional association does not transform acts done under private contract for private citizens
5   into acts done under color of state law as that phrase has been understood and implemented since
6   the first days of § 1983 litigation. Plaintiff cites no authority in support of his novel argument.

7   Plaintiff makes no other arguments or objections addressed to the Magistrate Judge's
8   analysis and the Court finds all his arguments and objections unavailing. The Court also agrees
9   with the Magistrate Judge that "the defects in Mr. Reed's present complaint cannot be cured by
10  amendment" (R&R, p. 8) and will dismiss this proceeding with prejudice.

11  **Conclusion**

12  With all but two exceptions, Plaintiff's claims have been filed outside the statute of
13  limitations and are thus barred. Even were this not the case, his § 1983 claims against his former
14  appellate counsel fail because Grubb did not act under color of state law, and his claims against
15  the remaining defendant judicial officers fail because they are entitled to judicial immunity. His
16  request for declaratory relief (a discretionary exercise of jurisdiction) is equivalent to a request
17  for a ruling that he has proven his § 1983 claims, which is clearly not the case.

18  Plaintiff's complaint is ordered DISMISSED with prejudice.

19  The clerk is ordered to provide copies of this order to Plaintiff, all counsel and Magistrate
20  Judge Tsuchida.

21  Dated: March 2, 2011.

Marsha J. Pechman
United States District Judge

ORDER ON REPORT AND
RECOMMENDATION- 4